IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03211-GPG

MICHAEL ALLEN ESHBACH,

    Plaintiff,

v.

JEFFERSON COUNTY COMBINED COURT BUILDING,

    Defendant.

## ORDER TO SHOW CAUSE

    Plaintiff, Michael Allen Eshbach, is an inmate at the Jefferson County Detention Facility in Golden, Colorado. Mr. Eshbach has filed *pro se* a Prisoner Complaint (ECF No. 1)[1] pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution and Colorado state law were violated by the state court judge who presided over his criminal case. As relief he seeks damages for illegal incarceration and being required to register as a sex offender and he asks that his conviction be overturned and that he be allowed to deregister as a sex offender. Mr. Eshbach's request for an order to overturn his conviction is not an appropriate request for relief in this § 1983 action and will not be considered. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout this order.

immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Mr. Eshbach also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7) seeking leave to proceed *in forma pauperis* in this action. However, his filing history implicates § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the reasons discussed below, Mr. Eshbach will be ordered to show cause why leave to proceed *in forma pauperis* should not be denied in accordance with § 1915(g).

The court may take judicial notice of its own records in determining whether Mr. Eshbach has three or more prior dismissals that count as strikes for the purposes of § 1915(g). *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). The court's records indicate that Mr. Eshbach has initiated two actions in the District of Colorado while incarcerated or detained that were dismissed as legally frivolous. *See Eshbach v. Kimmons*, No. 18-cv-01780-LTB (D. Colo. July 18, 2018) (dismissed as legally frivolous); *Eshbach v. Gonsalves*, No. 18-cv-02655-LTB (D. Colo. Oct. 22, 2018) (dismissed as legally frivolous). Mr. Eshbach initiated a third action in the District of Colorado while incarcerated or detained that was dismissed pursuant to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Eshbach v. Jefferson Cty. Sheriff's Dep't*, No.

2

18-cv-01747-LTB (D. Colo. July 12, 2018). A dismissal under *Heck* counts as a strike for the purposes of § 1915(g). *See Hafed v. Fed. Bureau of Prisons,* 635 F.3d 1172, 1177-78 (10th Cir. 2011). As a result, the Court finds that Mr. Eshbach is subject to the filing restriction in § 1915(g).

"There is only one exception to the prepayment requirement in § 1915(g)" and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm." *Hafed*, 635 F.3d at 1179 (internal quotation marks omitted). The prisoner also must demonstrate a nexus between the imminent danger alleged and the legal claims asserted in the complaint. *See Lomax v. Ortiz-Marquez*, No. 18-1250, 2018 WL 5870555 at *3 (10th Cir. Nov. 8, 2018). Vague and conclusory assertions of harm will not satisfy the imminent danger requirement of § 1915(g). *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). Furthermore, allegations of past injury or harm are not sufficient. *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008). "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Hafed*, 635 F.3d at 1179 (collecting cases).

Mr. Eshbach concedes in his motion seeking leave to proceed *in forma pauperis* that he is not in imminent danger of serious physical injury. Therefore, he will be ordered to show cause why the motion seeking leave to proceed *in forma pauperis* should not be denied. Accordingly, it is

ORDERED that Mr. Eshbach show cause in writing **within thirty (30) days from**

**the date of this order** why leave to proceed *in forma pauperis* should not be denied because he is subject to the filing restriction in 28 U.S.C. § 1915(g). It is

FURTHER ORDERED that if Mr. Eshbach fails to show good cause within the time allowed, he will be denied leave to proceed *in forma pauperis* in this action.

DATED January 7, 2019, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge